IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEORGE GUO,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Case No. **3:25-CV-432-L-BN** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

On July 22, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 60) was entered, recommending that the court dismiss with prejudice this habeas action brought pursuant to 18 U.S.C. § 2254, as barred by the one-year statute of limitations and not subject to tolling. Thereafter, Petitioner, George Guo ("Petitioner"), moved for an extension of time to file objections to the Report, which was granted. On August 25, 2025, Petitioner timely filed twelve objections (Doc. 65) to the Report. As herein discussed, the court **accepts** the Report; **overrules** the objections filed by Petitioner to the Report, and **dismisses with prejudice** this action and all claims asserted by him.

In support of this recommendation, the magistrate judge determined that the petition is barred by the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one year statute of limitations. This is because Petitioner's conviction became final on January 9, 2023, after his petition for certiorari was denied. *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002). Petitioner, thus, had until January 9, 2024, to file a timely federal habeas petition absent any statutory tolling. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his federal habeas petition in February 2025, over a year after the statute of limitations period ended. Doc. 1. The magistrate judge also

determined that Petitioner has also not established a later commencement date under section 2244(d)(1)(B)-(D), equitable tolling, or a valid actual-innocence claim. The court agrees.

**I. Section 2244(d)(1)(B) & (D)**

Section 2244(d)(1)(B) delays commencement of the limitation period when there are state-created impediments. Petitioner contends that there were delays in receiving transcripts, delays associated with prison mail and tablet access, law-library limitations from March 2024 through November 2024, and misconduct by state actors that prevented him from filing this petition prior to January 9, 2024. Doc. No. 19 at 9. The magistrate judge found this to be unconvincing because Petitioner litigated his claims through other avenues prior to filing his federal petition and he fails to explain in his pleadings how this prevented him from filing his petition prior to January 9, 2024. *See* Doc 19 at 3.

Section 2244(d)(1)(D) delays commencement of the limitation period until "the date on which factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner makes arguments about the victim's medical records, the State's causation theory, alleged *Brady* material, prosecutorial misconduct, judicial bias, ineffective assistance of counsel, and evidence deficiencies. The magistrate judge determined that these were without merit because the arguments concern facts that Petitioner knew during his trial, appeal, or state habeas review, and Section 2244(d)(1)(D) does not extend the limitation period for a petitioner to gather every possible piece of evidence that might support his claim. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)

Petitioner objects to these findings, contending that the state mandate issued on February 23, 2024, which prevented him from filing his federal habeas petition. Doc. No. 65 at 10. This

objection is **overruled** because Fifth Circuit precedent explains that a conviction becomes final on the date the Supreme Court denies certiorari. *Giesberg*, 288 F.3d at 269.

## II. Equitable Tolling

Petitioner would be entitled to equitable tolling if he had shown that (1) he pursued his rights diligently and (2) some extraordinary circumstance stood in the way of timely filing his petition. *Holland v. Florid*a, 560 U.S. 631, 649 (2010). The magistrate judge determined that Petitioner has not established either. First, Petitioner's conviction became final on January 9, 2023, but he waited until April 23, 2024, to file his state habeas petition and February 2025 to file his federal petition. Doc. 19 at 4; *see Fisher v. Johnson,* 174 F.3d 710 (5th Cir. 1999) (no equitable tolling when petitioner had 322 days to complete his petition). Second, Petitioner has not pled facts that show extraordinary circumstances prevented him from filing his petition prior to January 9, 2024.

Petitioner objects to this determination and contends that he was diligent in trying to overcome the state officials' fraud and obstruction. Doc. No. 65 at 10. This objection is **overruled** because the argument is conclusory and, again, does not explain how Petitioner was prevented from timely filing his federal petition.

## III. Actual Innocence

The magistrate judge determined that Petitioner's actual innocence claim, which he raises as a gateway for his time-barred petition, is unavailing because tenable pleas such as this are rare. Petitioner bases his actual innocence claim on his interpretation of medical records and the decision in *Kaltenmark v. Secretary of Health & Hum. Servs.*, No. 17-1362V, 2023 WL 8870299 (Fed. Cl. Nov. 27, 2023). Doc. No. 19 at 9.[1] His interpretation of the evidence and reliance on

---

[1] Petitioner argues that *Kaltenmark* provides a new factual predicate regarding the causation of the victim's chronic brain damage and ultimate death. Doc. No. 19 at 9.

*Kaltenmark*, however, do not qualify as the type of strong "new reliable evidence" of innocence required in this Circuit. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (evidence is not "new" if it was within the reach of a petitioner's personal knowledge or reasonable investigation prior to limitations period tolling). Petitioner had access to the medical records prior to January 9, 2024, and his reliance on *Kaltenmark* is not new evidence, rather it is a decision in an unrelated case discussing expert testimony on whether someone suffered from Posterior Reversible Encephalopathy Syndrome. Moreover, it does not concern the victim in Petitioner's case.

Petitioner relates every objection that he submitted back to his claims of actual innocence. Petitioner contends that he is actually innocent due to the "non-existence of the charged offense." Doc. No. 35 at 10. Petitioner argues fervently that the victim's death in 2018 could not have been caused by the injuries from 1988 making him actually innocent. *Id.* at 9. The problem with this argument is that the issue has already been taken up by the Texas Court of Appeals, which held that the "focus [is] on the cause of death, not the time between the cause and the ultimate death" and concluded that the evidence was legally sufficient to support Petitioner's conviction. *Guo v. State*, No. 05-19-01178-CR, 2022 WL 224815 at*8 (Tex. App.—Dallas Jan. 26, 2022, pet. denied). The court finds no error in the magistrate judge's findings and conclusions; therefore, it **overrules** Petitioner's objections (Doc. 65).

On August 28, 2026, Petitioner filed a Motion for the Court to Direct Parties to Submit Briefs on Certificate of Appealability ("the Motion") (Doc. No. 66). In the Motion, Petitioner, again, argues that the magistrate judge made errors because he is actually innocent. Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. §

2253(c), the court **denies** the Motion and **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. If Petitioner files a notice of appeal, he must pay the appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

Having considered Petitioner's habeas petition, the file, record in this case, and Report, and having conducted a *de novo* review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** this habeas action and all claims asserted by Petitioner.

**It is so ordered** this 14th day of September, 2026.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, as amended effective on December 1, 2019, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (**b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.