IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEORGE GUO,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Case No. **3:25-CV-432-L-BN** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

**SUPPLEMENTAL MEMORANDUM OPINION AND ORDER**

On September 14, 2026, Petitioner, George Guo's ("Petitioner") Motion for Leave to File Amended Objections ("Motion") and Amended Objections were entered on the docket, although the docket entry's effective filing date was September 9, 2026 (Docs. 67-68). The court also issued its Memorandum Opinion and Order on September 14, 2026, overruling Petitioner's August 18, 2026, and August 25, 2026, Objections to the magistrate judge's Findings, Conclusions, and Recommendation ("Report") (Doc. 60). The court **determines** that Petitioner has not provided sufficient evidence that the Amended Objections were timely filed.

On August 19, 2026, the deadline to submit objections to the magistrate judge's Report was extended to August 31, 2026. Petitioner contends that the Amended Objections are in response to this extension of time. The court **disagrees**.

Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

As the rule makes clear, Petitioner was supposed to show by declaration or notarized statement that he deposited the filings in the internal mailing system on or before August 31, 2026, and state that first-class postage has been prepaid. Petitioner, however, has provided no credible evidence to establish when he placed the filings in the prison's internal mailing system. He did not comply with Rule 3(d) in any respect. Further, despite the issue of timeliness, the objections are **overruled** because Petitioner re-urges the same arguments that were taken up in the court's September 14, 2026, Memorandum Opinion and Order. Doc. 69.

Having considered the Petitioner's habeas petition, the file, record in this case, and Report, and having conducted a *de novo* review of that portion of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Petitioner's Amended Objections are **overruled**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable

---

[*] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. If Petitioner files a notice of appeal, he must pay the appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 16th day of September, 2026.

Sam A. Lindsay
United States District Judge